IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL REID,                )
                             )
    Plaintiff,               )
                             )
v.                           )    Civil Action No.:
                             )
MORAN FOODS, LLC,            )
                             )
    Defendant.               )
_____)

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL REID, ("PLAINTIFF"), and files this Complaint against Defendant, MORAN FOODS, INC. ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of 42 U.S.C. § 1981 and the Family and Medical Leave Act ("FMLA").

2. At all material times, PLAINTIFF was a citizen and resident of Alachua County, Florida.

3. At all material times, DEFENDANT was a Missouri corporation that operated a retail store in Alachua County, Florida, which is where PLAINTIFF worked at all material times.

**BACKGROUND**

4. In or around June 2017, DEFENDANT hired PLAINTIFF to work as a stockperson and floor cleaner.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331.

7. At all relevant times, PLAINTIFF was qualified for every position he held with DEFENDANT.

8. In or around May 2019, PLAINTIFF was traversing DEFENDANT'S parking lot to enter DEFENDANT'S building so he could clock in and begin his shift when he was attacked by a white co-worker's husband.

9. PLAINTIFF suffered a torn anterior cruciate ligament in the attack and was transported by ambulance to a UFHealthcare hospital where he was treated.

10. At no time was PLAINTIFF ever advised of his right to take Family and Medical Leave.

11. Shortly after being released from the hospital, PLAINTIFF provided DEFENDANT with a doctor's note allowing him to return to light duty work.

12. When he presented DEFENDANT'S store manager with the note, the store manager told PLAINTIFF the schedule had been made and that PLAINTIFF was not on it. Shortly after this, PLAINTIFF was told that he was not needed any more and was terminated.

**COUNT I**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

13. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

14. DEFENDANT employs and at the time of PLAINTIFF'S termination, employed within a 75 miles radius, 50 or more employees for each working day, during each of 20 or more workweeks per year/year prior.

15. In May 2019, PLAINTIFF advised DEFENDANT that he suffered from a serious health condition, namely a situation that required treatment for which he was required to be out of work for more than three consecutive days and which required follow-up treatment.

16. Less than a month after his hospitalization, PLAINTIFF was terminated.

17. DEFENDANT interfered with PLAINTIFF'S right to take unpaid leave from work under the Family and Medical Leave Act and/or retaliated against him for doing so.

18. PLAINTIFF had a "serious health condition," namely an injury, impairment or physical or mental condition that involved inpatient care in a hospital or other care facility, and/or continuing treatment by a health care provider.

19. PLAINTIFF gave appropriate notice of his need to be absent from work by notifying DEFENDANT as soon as practicable after he learned of the need for leave.

20. DEFENDANT retaliated against or otherwise interfered with the exercise of PLAINTIFF'S right to unpaid leave, *inter alia*, by: 1) terminating his employment; 2) refusing to allow PLAINTIFF to return to his job, or to an equivalent position, upon return from leave; and 3) failing to provide PLAINTIFF with a written notice detailing the specific expectations and obligations regarding a request for leave.

21. Upon information and belief, DEFENDANT deliberately chose to avoid researching whether its conduct violated the FMLA or affirmatively evaded the law.

22. DEFENDANT'S violation of the FMLA was willful.

Case 1:19-cv-00161-AW-GRJ   Document 1   Filed 08/16/19   Page 4 of 5

23. As the actual, proximate, and legal result of that violation, PLAINTIFF suffered significant economic harm, including lost wages and benefits.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, liquidated damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FMLA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1981

24. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

29. At all relevant times, PLAINTIFF was a qualified black worker.

30. Upon information and belief, DEFENDANT did not discipline the white spouse of PLAINTIFF'S attacker although PLAINTIFF, who was black was fired despite being the victim of the attack.

31. Upon information and belief, the reason for PLAINTIFF'S termination was his race, or at the very least, PLAINTIFF'S race played a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, punitive damages, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Section 1981; for a trial by jury on all issues so triable;

and, for such other and further relief as the Court may deem just and proper.

Dated: August 16, 2019

                                              Respectfully submitted,

                                              **THE LAW OFFICE OF MATTHEW BIRK**

                                              **/s/ Matthew W. Birk**
                                              **Matthew W. Birk**
                                              Florida Bar No.: 92265
                                              309 NE 1st Street
                                              Gainesville, FL 32601
                                              (352) 244-2069
                                              (352) 372-3464 FAX
                                              mbirk@gainesvilleemploymentlaw.com
                                              ATTORNEYS FOR PLAINTIFF